CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CESARIO VAZQUEZ,

                        Plaintiff,

   -against-

AMERICA'S FINEST DELI CORP.,
HASAN ALSHARIFI, and
MOHAMED HUSSAIN,

                        Defendants.
-----------------------------------------------------------X

Case No. 22-CV-7205

**FLSA COMPLAINT**

**Jury Trial Demanded**

Plaintiff, CESARIO VAZQUEZ ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants AMERICA'S FINEST DELI CORP. ("AMERICA'S FINEST DELI CORP."), HASAN ALSHARIFI, and MOHAMED HUSSAIN (collectively, the "Individual Defendants") (AMERICA'S FINEST DELI CORP. and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants:

(a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) unpaid "spread of hours" premium for each day that his work shift exceeded ten (10) hours, (c) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Kings County, New York.

6. Defendant, AMERICA'S FINEST DELI CORP., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 46 Trinity Place, New York, New York 10006.

7. Defendant, AMERICA'S FINEST DELI CORP., owns and operates a delicatessen and restaurant, known as "America's Finest Deli," located at 46 Trinity Place, New York, New York 10006 (hereinafter, the "Restaurant").

2

8. Defendant, HASAN ALSHARIFI, is the President, shareholder, officer, owner, director, supervisor, managing agent, and proprietor of AMERICA'S FINEST DELI CORP., who actively participates in the day-to-day operation of the Restaurant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with AMERICA'S FINEST DELI CORP.

9. Defendant, MOHAMED HUSSAIN, is the Vice President, shareholder, officer, owner, director, supervisor, managing agent, and proprietor of AMERICA'S FINEST DELI CORP., who actively participates in the day-to-day operation of the Restaurant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with AMERICA'S FINEST DELI CORP.

10. The Individual Defendants jointly exercise control over the terms and conditions of their employees' employment, in that they have the power to and do in fact: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

11. At all times relevant to the allegations herein, AMERICA'S FINEST DELI CORP. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or

materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

12. Defendants employed Plaintiff to work as a grill cook and counter person at the Restaurant from in or about February 2021 until on or about December 17, 2021.

13. The work performed by Plaintiff was essential to the business operated by Defendants.

14. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

15. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

16. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

17. The Individual Defendants actively participate in the day-to-day operation of the Restaurant. For instance, the Individual Defendants personally hire and fire employees, supervise and direct the work of the employees, and instruct the employees how to perform their jobs.

18. The Individual Defendants jointly create and implement all business policies and make all crucial business decisions, including decisions concerning the maximum number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

19. In or about February 2021, Defendants hired Plaintiff to work as a grill cook and counter person at the Restaurant.

20. Neither at the time of hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth, among other things, his regular hourly rate of pay, any tip credit deduction, and corresponding overtime rate of pay.

21. Plaintiff worked for Defendants in those capacities until on or about December 17, 2021.

22. Plaintiff worked over forty (40) hours per week.

23. From the beginning of his employment and continuing through in or about March 2021, Plaintiff worked six (6) days per week, and his work schedule consisted of nine (9) hours per day Monday through Friday from 6:00 a.m. until 3:00 p.m.; and eleven (11) hours on Saturday from 6:00 a.m. until 5:00 p.m. Plaintiff normally received a thirty-minute meal break each day.

24. From the beginning of his employment and continuing through in or about March 2021, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $15 per hour straight time for all hours worked and worked fifty-three (53) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

25. Beginning in or about April 2021 and continuing through the remainder of his employment on or about December 17, 2021, Plaintiff worked six (6) days per week, and his work schedule consisted of eleven (11) hours per day Monday through Saturday

from 6:00 a.m. until 5:00 p.m. Plaintiff normally received a thirty-minute meal break each day.

26. Beginning in or about April 2021 and continuing through the remainder of his employment on or about December 17, 2021, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $15 per hour straight time for all hours worked and worked sixty-three (63) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

27. Upon paying Plaintiff his cash wages each week, Defendants failed to provide Plaintiff with a written wage statement setting forth, among other things, Plaintiff's number of hours worked, Plaintiff's regular hourly rate and corresponding overtime rate of pay, gross wages, deductions, and net wages.

28. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

29. Defendants knowingly and willfully operated their business with a policy of not paying a "spread of hours" premium to Plaintiff, in direct violation of the New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

Case 1:22-cv-07205   Document 1   Filed 08/24/22   Page 7 of 12

30. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

31. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "30" of this Complaint as if fully set forth herein.

32. At all relevant times, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

34. At all times relevant to the allegations herein, AMERICA'S FINEST DELI CORP. had gross revenues in excess of $500,000.

35. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

36. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

37. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which

violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

38. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

39. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

40. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

41. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

42. Due to the reckless, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

43. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

44. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "43" of this Complaint as if fully set forth herein.

45. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

46. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

47. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

48. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff a "spread of hours" premium for each day that his work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

49. Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

50. Defendants failed to furnish Plaintiff with a written statement with every payment of wages listing the number of hours worked, regular rate of pay, overtime rate of pay, gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

51. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all

9

employees, and other similar information in contravention of New York Labor Law § 661.

52. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

53. Neither at the time of their hiring, nor at any time thereafter, did Defendants notify Plaintiff in writing of his hourly rates of pay, overtime rate of pay, and his regularly designated payday, in contravention of New York Labor Law § 195(1).

54. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

55. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, CESARIO VAZQUEZ, respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e) An award of statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act for Defendants' failure to provide mandatory wages notices and wage statements;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(h) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
August 24, 2022

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102

By: _____
Giustino (Justin) Cilenti

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Cesario Vazquez, am an individual currently or formerly employed by America's Finest Deli and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
July 22, 2022

_____
Cesario Vazquez